UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WILLIAM MITCHEL FRAZIER, a/k/a

No. 99-4109

Bilan Littles, a/k/a Bilal Littles,
a/k/a Brian Littles, a/k/a William
Howard Walker, a/k/a Billy Frazier,
a/k/a William Mitchell Frazier,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Jerome B. Friedman, District Judge.
(CR-98-25)

Submitted: October 8, 1999

Decided: November 8, 1999

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Oldric J. Labell, Jr., Newport News, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Kevin M. Comstock, Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William Mitchell Frazier appeals from his conviction for passing counterfeit United States currency, in violation of 18 U.S.C. § 472 (1994). On appeal he argues that his right to counsel was violated, the court erred in denying his counsel's motion to withdraw, and disputes numerous evidentiary rulings. Finding no error, we affirm.

We find that the court did not deny Frazier his right to counsel in allowing him to testify in a narrative form without direct examination by defense counsel. The court gave adequate safeguards and warnings to ensure a fair trial and that the form of testimony did not amount to a denial of counsel at a critical stage of the prosecution. See Strickland v. Washington, 466 U.S. 668 (1984). We find that the court did not abuse its discretion by denying defense counsel's motion to withdraw. See United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995); United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994).

We find that the district court did not abuse its discretion in making the disputed evidentiary rulings. The felony and larceny convictions and alias evidence were properly admitted under Fed. R. Evid. 404(b) and Fed. R. Evid. 609. The evidence of alleged threats Frazier made to Shauna Howard were also properly admitted. See United States v. Billups, 692 F.2d 320, 329-30 (4th Cir. 1982). Finally, we find that the court's rulings on the defense's exhibit of a U-Haul receipt were proper and without prejudice to Frazier.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED